UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MCCORMICK 110, LLC,

                         Plaintiff,                      **REPORT AND RECOMMENDATION**

       -against-                                     CV 15-2485 (ENV)(AYS)

GINA DECOSTA a/k/a GINA A. DECOSTA,
"JOHN DOE NUMBERS 1-10", the names of these
defendants being fictitious and unknown to the
Plaintiff, the persons or parties intended being the
tenants, occupants, persons or corporations, if any,
having or claiming an interest in, possession of, or
lien upon the premises described in the Complaint,

                         Defendants.
-------------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

      This is an action to foreclose on a residential mortgage. Presently before the Court, on referral from the Honorable Eric N. Vitaliano for Report and Recommendation, is Plaintiff's motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56. For the following reasons, this Court respectfully recommends that the motion be granted.

FACTUAL BACKGROUND

I.      <u>Basis of Facts Recited Herein</u>

      In support of its motion, Plaintiff properly filed a statement of facts in accord with Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Rule 56.1"). However, Plaintiff's statement does not cite to evidence which would be admissible for each of its statements of material facts, as required by Local Civil Rule 56.1(d) ("Each statement by the movant or opponent pursuant to [a summary judgment motion], including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P.

1

56(c)."). To the extent "the record does not support certain critical assertions" in Plaintiff's 56.1 statement, the Court has disregarded those unsupported assertions. Giannullo v. City of New York, 332 F.3d 139, 139 (2d Cir. 2003).

Rule 56.1 requires the party opposing summary judgment to submit her own counter-statement of facts, setting forth areas of agreement, as well as those as to which there is dispute. As further required by Rule 56.1, each statement set forth by the moving party is "deemed admitted for purposes of the motion [for summary judgment] unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Loc. Civ. R. 56.1(c).

Defendant DeCosta has not submitted a Rule 56.1 counter-statement. Instead, she submits only an "Affidavit in Opposition" signed by her attorney, her own affidavit, and accompanying exhibits. None of the documents submitted by Defendant specifically correspond to Plaintiff's Rule 56.1 Statement. Because Defendant has failed to comply with Rule 56.1, the relevant facts, as set forth below, are deemed admitted, and are therefore taken solely from Plaintiff's Rule 56.1 Statement and from the record of this case. See Giannullo, 322 F.3d at 140; Nassar Family Irrevocable Trust v. United States, Nos. 13 Civ. 5680, 13 Civ. 8174, 2016 WL 5793737, at *1 n.2 (S.D.N.Y. Sept. 30, 2016) ("Because Nassar has failed to file a response [to Defendant's Rule 56.1 Statement], all facts set forth in the Government's statement are deemed admitted in deciding the instant motion."); Luizzi v. Pro Transport Inc., No. 02 CV 5388, 2009 WL 252076, at * 2 (E.D.N.Y. Feb. 2, 2009) ("Where the party opposing a motion for summary judgment fails to submit a proper counter-statement of material facts, controverting the moving party's statement, courts have deemed the moving party's statement of facts to be admitted and

have granted summary judgment in favor of the moving party on the basis of the uncontroverted facts.").

II.     Facts

On October 20, 2008, Defendant executed to Flagstar Bank, FSB, a Federally Chartered Savings Bank ("Flagstar"), a mortgage and note that encumbers property located at 362 36th Street, Lindenhurst, New York. (Pl. 56.1 Statement, appearing as Docket Entry ("DE") [44-16], ¶ 1.)[1] The mortgage instrument identifies the mortgagee as Mortgage Electronic Registration Systems, Inc., as nominee for the lender Flagstar. (DE [44-7].) The mortgage and note were modified by the Home Affordable Modification Agreement ("HAMP" Agreement") signed by Defendant on March 28, 2012, and by Mortgage Electronic Registration Systems, Inc. on May 9, 2012. (DE [44-16] ¶ 5.) Flagstar assigned the mortgage and note to U.S. Bank National Association, as Trustee for CVF II Mortgage Loan Trust I ("US Bank") on November 5, 2014. (DE [44-16] ¶¶ 10-11.)

On January 14, 2015, U.S. Bank, through its counsel Jeffrey A. Kosterich, sent Defendant two notices informing her that her home loan was 1,018 days in default, that she had until February 14, 2015 to cure that default by making a payment of $76,569.29, and that if the matter was not resolved within 90 days, a foreclosure action could ensue. (DE [44-16] ¶¶ 21-22, 26-29; DE [44-7].)

Plaintiff filed its original foreclosure Complaint in this Court on April 30, 2015. (DE [1].) Relevant here, Plaintiff also filed an Affidavit of Service signed by Victoria Foley (the

---

[1] Unless otherwise noted, the Court does not cite to documents underlying the facts set forth in Plaintiff's 56.1 Statement.

3

"Foley Affidavit") on June 25, 2015. (DE [5].) U.S. Bank assigned the mortgage and note to Plaintiff McCormick 110, LLC on March 18, 2016. (DE [44-7].)

On January 23, 2017, DeCosta was approved for a trial period plan under the Home Affordable Modification program. (DE [44] ¶ 32; DE [44-6].) On August 8, 2017, Plaintiff offered to enter into a permanent loan modification, conditioned upon Defendant signing and returning an original copy of the agreement and resuming monthly payments. (DE [44] ¶ 33.) DeCosta failed to execute and return a copy of the agreement and did not make any further payments. (Id. ¶ 34.) In an October 10, 2017 letter, Plaintiff notified Defendant that the modification offer was withdrawn. (Id.)

With the exception of the trial payments, DeCosta has not made any payments since her default, a fact that she does not contradict. (Id. ¶ 35.)

III.   The Motion for Summary Judgment

    A.   Plaintiff's Position

Plaintiff seeks summary judgment. Plaintiff argues that the validity of the mortgage and note, DeCosta's default, and Plaintiff's standing as an assignee of the mortgage cannot be disputed, and that it is therefore entitled to summary judgment on its Complaint to foreclose the mortgage. Plaintiff also seeks cancellation of a "satisfaction of mortgage" that it asserts was erroneously filed in 2012.

    B.   Defendant's Opposition

The only opposition offered by Defendant, both in her papers and at oral argument before this Court, is that the motion for summary judgment must be denied because Plaintiff failed to provide notice to Defendant as required by Section 1303 of the New York State Real Property Actions and Proceedings Law (the "RPAPL"), N.Y. Real Prop. Acts. Law § 1303 ("Section

4

1303"). She takes no issue with the fact that she has not made proper payment under the terms of her loan. Nor does she contest the Plaintiff's assertions with respect to the erroneously filed 2012 mortgage satisfaction.

## DISCUSSION

I.  Legal Principles: Standards on Summary Judgment

Summary judgment is appropriately granted only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In ruling on a summary judgment motion, the district court must first "determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotations and citations omitted). "A fact is material if it 'might affect the outcome of the suit under the governing law[.]'" Baldwin v. EMI Feist Catalog, Inc., 805 F.3d 18, 25 (2d Cir. 2015) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505)).

In reviewing the record to determine whether there is a genuine issue for trial, the court must "construe the evidence in the light most favorable to the non-moving party," Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay, 868 F.3d 104, 109 (2d Cir. 2017) (quotations, alterations and citation omitted). Thus, the Court must "resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment." Davis-Garett v. Urban Outfitters, Inc., 921 F.3d 30, 45 (2d Cir. 2019) (quotations and citation omitted).

"A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Pollard v. New York Methodist Hosp., 861 F.3d 374, 378 (2d Cir. 2017) (quoting Anderson, 477 U.S. at 248, 106 S. Ct. 2505). The burden of showing an absence of genuine dispute as to a material fact lies with the moving party. CILP Assocs., L.P. v. PriceWaterhouse Coopers LLP, 735 F.3d 114, 123 (2d Cir. 2013) (quotations, brackets and citation omitted). The nonmoving party can only defeat summary judgment "by adduc[ing] evidence on which the jury could reasonably find for that party." Lyons v. Lancer Ins. Co., 681 F.3d 50, 56 (2d Cir. 2012) (quotations, brackets and citation omitted).

"'The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient' to defeat a summary judgment motion[,]" Fabrikant v. French, 691 F.3d 193, 205 (2d Cir. 2012) (quoting Anderson, 477 U.S. at 252); and "[a] court cannot credit . . . merely speculative or conclusory assertions." DiStiso v. Cook, 691 F.3d 226, 230 (2d Cir. 2012); see also Federal Trade Comm'n v. Moses, 913 F.3d 297, 305 (2d Cir. 2019) ("[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment."); Flores v. United States, 885 F.3d 119, 122 (2d Cir. 2018) ("While we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the non-moving party, . . . conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment[.]" (quotations, alterations and citations omitted)).

With these standards in mind, the Court turns to discuss the legal principles to be applied and the merits of the motion.

II.     Law Applicable to Plaintiff's Claims

"Under New York state law, three elements must be established in order to sustain a foreclosure claim: (1) the proof of the existence of an obligation secured by a mortgage; (2) a

6

default on that obligation by the debtor; and (3) notice to the debtor of that default." <u>Gustavia Home, LLC v. Hoyer</u>, 362 F. Supp. 3d 71, 79 (E.D.N.Y. 2019) (quoting <u>United States v. Paugh</u>, 332 F. Supp. 2d 679, 680 (S.D.N.Y. 2004)); see also <u>Builders Bank v. Charm Devs. II, LLC</u>, Nos. 09-CV-3935, 09-CV-4410, 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010) ("[S]ummary judgment in a mortgage foreclosure action is appropriate where the Note and Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note.") (quotation omitted).

III.   <u>Disposition of the Motion</u>

Plaintiff has proven the first two elements of its foreclosure claim: the existence of an obligation secured by a mortgage and a default on that obligation by the debtor. <u>See</u> DE [44-7]; [44-11]; [44-16] ¶ 35. Defendant's papers also take no issue with respect to Plaintiff's assertions as to the 2012 erroneously filed satisfaction of mortgage. Instead, as noted, Defendant's sole argument on this motion is that Plaintiff failed to meet the third element of the foreclosure claim because, according to DeCosta, she did not receive a homeowner's notice as required by Section 1303 (the "1303 Notice").

Section 1303 "requires a foreclosing party in a residential mortgage foreclosure action to attach a notice including sources of information and assistance to homeowners in foreclosure to the summons and complaint" and "lays out struct guidelines for the required content and the form of the notice," which "must: (1) be in bold, fourteen-point font; (2) be printed on different colored paper than the summons and complaint; (3) include 'Help for Homeowners in Foreclosure' in the title in bold, twenty-point font; and (4) be on its own page." <u>United States v. Starr</u>, No. 16-CV-1431, 2017 WL 4402573, at *3 (S.D.N.Y. Sept 29, 2017).

7

The record shows that Plaintiff satisfied Section 1303. Plaintiff submitted a sworn affidavit of service from an individual named Victoria Foley ("Foley"). See DE [5]. In the affidavit, Foley attests to having served Defendant with a "1303 NOTICE-Help for Homeowners in Foreclosure in bold fourteen-point type and printed on colored paper, and the title to the notice printed in twenty-point type in compliance with RPAPL Sect 1303" along with the summons, complaint, e-file notice, and notice of pendency. Id. Affidavits of service enjoy a presumption that service was proper. Gustavia Home, 362 F. Supp. 3d at 84-85, 88-89 (holding that compliance with RPAPL § 1303 was established where the plaintiff submitted sworn service affidavits indicating that Defendants were served with 1303 notices).

Defendant attempts to rebut the presumption of proper service through an affidavit where she states that she did not receive the 1303 Notice. See Affidavit of Gina DeCosta ("DeCosta Affidavit"), DE [44-19] ¶¶ 4-5. Thus, she states only that, "I have never received a copy [of] the required RPAPL § 1303 notice when I was served the Summons and Complaint in the above captioned action" and "[t]he Summons and Complaint I was served did not contain a notice in bold, fourteen-point type and printed on colored paper that is other than the color of the summons and complaint, with the title of the notice in bold, twenty-point type." DE [44-19] ¶¶ 4-5.

While a sworn denial of service containing specific facts generally rebuts the presumption of proper service and necessitates a hearing, "bare and unsubstantiated denials" such as those made by Plaintiff here "are insufficient to rebut the presumption of service." U.S. Bank, N.A. v. Tauber, 36 N.Y.S.3d 144, 146 (2d Dep't 2016). As noted, the DeCosta Affidavit contains nothing more than two bare and unsubstantiated statements related to the 1303 Notice,

8

and attaches no evidence to support her denial of service. See DE [44-19] ¶¶ 4–5. This affidavit falls short of stating the specific facts required to overcome the presumption of proper service.[2]

Even Defendant's cited authorities highlight the fact that the DeCosta Affidavit is insufficient to overcome the presumption of proper service and warrant an evidentiary hearing. For example, the court in U.S. Bank, N.A. v. Tauber, 36 N.Y.S.3d 144 (2d Dep't 2016), detailed the types of "specific facts" that may rebut the presumption of proper service, demonstrating that a bare and unsubstantiated denial, like Defendant's, is insufficient. Id. at 146. The Tauber court explained, "[w]here the defendant denies residing at the premises where service allegedly was made, the sworn denial, combined with documentary and other evidence supporting such claim, is sufficient to rebut the plaintiff's prima facie showing." Id. (emphasis added). Defendant failed to swear to specific facts to rebut the statements in the affidavit of service executed by Foley, and her claims are thus insufficient to rebut the prima facie proof of proper service. Countrywide Home Loans servicing, LP v. Albert, 912 N.Y.S.2d 96 (2d Dep't 2010).

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Plaintiff's motion for summary judgment, appearing at Docket Entry No. [44], be granted in its entirety. In light of the fact that interest continues to accrue on the amounts due, the Court further recommends that submission of a final proposed order to the District Court, detailing amounts due be held in abeyance pending a final determination by that Court on the motion. At that time, the final proposed judgment shall include amounts due as well as discontinuance of this matter against any previously named "Doe" defendants.

---

[2] At oral argument, counsel for Defendant appeared to also argue, without support, that the form of the 1303 Notice was insufficient, arguing about the size of the font contained therein. This argument was unsupported and is also rejected.

9

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED.**

Dated: Central Islip, New York
January 28, 2019

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge