```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
MCCORMICK 110, LLC,                                              :
                                                                 :
                                      Plaintiff,                 :
                                                                 :        MEMORANDUM & ORDER
                  -against-                                      :
                                                                 :        15-CV-2485 (ENV) (AYS)
GINA DECOSTA a/k/a GINA A. DECOSTA,                              :
"JOHN DOE NUMBERS 1-10," the names of these                      :
defendants being fictitious and unknown to the                   :
Plaintiff, the persons or parties intended being the             :
tenants, occupants, person or corporations, if any,              :
having or claiming an interest in, possession of, or             :
lien upon the premises described in the Complaint,               :
                                                                 :
                                      Defendants.                :
---------------------------------------------------------------- x
```

VITALIANO, D.J.

On April 30, 2015, U.S. Bank National Association, as Trustee for CVF II Mortgage Loan Trust I ("U.S. Bank"), brought this action to foreclose a residential mortgage encumbering the property located at 382 36th Street, Lindenhurst, New York, 11757. *See* Compl., Dkt. 1, ¶¶ 1, 4. On March 17, 2016, U.S. Bank assigned the mortgage and note to the current plaintiff, McCormick 110, LLC ("McCormick"). *See* Order Substituting Assignee, Dkt. 23. On June 19, 2019, McCormick moved for summary judgment. Dkt. 44.

Presently before the Court is a report and recommendation ("R&R") issued by Magistrate Judge Anne Y. Shields recommending that the Court grant McCormick's motion for summary judgment and direct McCormick to submit a final proposed order detailing the amounts due. Dkt. 45. On February 25, 2020, defendant Gina DeCosta filed timely written objections to portions of the R&R. Dkt. 50. For the reasons that follow, McCormick's motion for summary judgment is granted and the R&R is adopted, in its entirety, as the opinion of the Court.

1

Background[1]

On October 20, 2008, DeCosta executed a mortgage and note encumbering the property subject to foreclosure. Pl.'s Rule 56.1 Statement, Dkt. 44-16, ¶¶ 1–3, 13. The original mortgagee was Flagstar Bank, FSB, but the mortgage and note were assigned to U.S. Bank on November 5, 2014. *Id.* ¶ 8. On January 14, 2015, U.S. Bank sent DeCosta notice that she was 1,018 days in default, that she could cure the default by making a payment of $76,569.29, and that if the matter was not resolved within 90 days, a foreclosure action could ensue. *See id.* ¶¶ 21–23, 26; Mot. Summ. J. Ex. C, Dkt. 44-7, at 11. DeCosta failed to cure the default, and, in line with the warning, U.S. Bank brought this action. *See* Compl.

Roughly a year later, U.S. Bank assigned the mortgage and note to McCormick, and McCormick and DeCosta entered into a mandatory settlement mediation program. Pl.'s Rule 56.1 Statement ¶ 31. Ultimately, the mediation resulted in McCormick's approval of a trial loan modification, under which DeCosta successfully made three trial monthly payments. *Id.* ¶¶ 31–32. The trial's success prompted McCormick to offer a permanent loan modification, but DeCosta failed to execute the modification agreement or continue making payments. As a result, McCormick withdrew its offer. *Id.* ¶¶ 33–34. There is no dispute that, other than the three trial payments, DeCosta has failed to make the payments due under the mortgage at any time after the initial non-payment that cascaded into this foreclosure proceeding. *Id.* ¶ 35.

---

[1] The facts are drawn from McCormick's Rule 56.1 Statement and the exhibits attached to its motion. For her part, DeCosta has failed to submit a counter-statement of facts in accordance with Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. R&R at 2. For that reason, the facts recited in McCormick's Rule 56.1 Statement are deemed admitted and will be disregarded by the Court only if they are unsupported by the record. *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003).

Legal Standard

In reviewing a report and recommendation of a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Further, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). But, as to "those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record" in order to accept it. *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)).

Discussion

In order to sustain a foreclosure claim under New York law, a mortgage lender must establish three elements: "(1) the proof of the existence of an obligation secured by a mortgage; (2) a default on that obligation by the debtor; and (3) notice to the debtor of that default." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 79 (E.D.N.Y. 2019) (quoting *United States v. Paugh*, 332 F.Supp.2d 679, 680 (S.D.N.Y. 2004)). DeCosta objects only to Judge Shield's findings with respect to the notice element. Def.'s Obj., Dkt. 50, ¶¶ 10–18. Because DeCosta has not objected to any other findings, the Court reviews them for clear error, and finding none, adopts them in their entirety on that basis.

With respect to notice, DeCosta argues that McCormick has failed to demonstrate compliance with the notice requirement under New York Real Property Actions and Proceedings

Law ("RPAPL") § 1304. Def.'s Obj. ¶ 10. RPALP § 1304 requires service of pre-foreclosure notice to a borrower 90 days before initiation of a mortgage foreclosure action. *See Courchevel 1850 LLC v. Stern*, No. 17-CV- 1794 (NGG) (JO), 2018 WL 3193210, at *2 (E.D.N.Y. June 28, 2018). There is no question that failure to provide the required RPALP notice will result in dismissal of a foreclosure claim. *Id.* No matter how clear the law might be, however, the failure of an objector to an R&R to raise the objection before the magistrate judge, as DeCosta failed to do here, is fatal to the objection. *See Frankel v. Citicorp Ins. Servs., Inc.*, No. 11-CV-2293 (NGG) (RER), 2015 WL 6021534, at *3 (E.D.N.Y. Oct. 14, 2015) (collecting cases). For that reason, DeCosta's objection is overruled.

In any event, even if substantively before the Court on *de novo* review, the objection would be overruled. Pointedly, paragraph 26 of McCormick's Rule 56.1 Statement provides that DeCosta was sent a proper § 1304 notice on January 14, 2015. *See* Pl.'s Rule 56.1 Statement ¶ 26. McCormick also attaches the notice as an exhibit to its motion. Mot. Summ. J. Ex. C, Dkt. 44-7, at 11; *see also* Kosterich Aff., Dkt. 44-2, ¶¶ 6–8. Paying no mind to the content of this exhibit, however, DeCosta grouses that paragraph 26 includes no citation to the record as required under Local Civil Rule 56.1(d).[2] Def.'s Obj. ¶ 12. This nit of a complaint rings hollow. The relevant exhibit is cited in paragraph 22 of the Rule 56.1 Statement. *See* Pl.'s Rule 56.1 Statement ¶ 22. While the admittedly relevant exhibit should also be cited in paragraph 26, DeCosta has tendered no precedent suggesting this oversight warrants denial of summary judgment, probably because to deny summary judgment for such a reason given the totality of

---

[2] Local Civil Rule 56.1(d) provides that "[e]ach statement by the movant or opponent pursuant to [a summary judgment motion], including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)."

4

the record would be absurd.  *See Wright v. Maersk Line, Ltd.*, No. 99-CIV-11282 (LMM) (AJP), 2001 WL 58003, at *3 n.2 (S.D.N.Y. Jan. 23, 2001) (rejecting denial of defendant's motion for summary judgment for its initial failure to comply with Local Civil Rule 56.1(d)).

Equally unsuccessful is DeCosta's effort to reassert her argument that McCormick failed to establish compliance with the notice requirement under RPALP § 1303.  Def.'s Obj. ¶¶ 16–18.  Judge Shields carefully considered and rejected this argument.  In particular, she found that the record showed DeCosta was properly served with § 1303 notice and that DeCosta's conclusory affidavit stating otherwise was insufficient.  R&R at 6–9.  DeCosta does not explain why this was an error or cite case law to the contrary, but merely regurgitates her position that the evidence presented by McCormick fails to prove compliance with § 1303.  *See* Def.'s Obj. ¶¶ 16–18.  Such objections are insufficient to warrant *de novo* review.  *See LG Capital Funding, LLC v. On4 Commc'ns, Inc.*, No. 16-CV-6943 (ENV) (RER), 2018 WL 4583486, at *3 (E.D.N.Y. Sept. 25, 2018).  Consequently, in the absence of proper written objection, the Court reviews this portion of the R&R for clear error, and, finding none, overrules DeCosta's purported objection.[3]

## Conclusion

For the foregoing reasons, McCormick's motion for summary judgment is granted, and the R&R is adopted, in its entirety, as the opinion of the Court.  McCormick is directed to submit evidence to Magistrate Judge Shields at an inquest to establish the amounts currently due and

---

[3] The Court observes for the completeness of the record that, had it conducted a review *de novo*, it would have reached the same conclusion reached by Magistrate Judge Shields.

owing to it, along with a proposed Judgment of Foreclosure and Order of Sale.

So Ordered.

Dated: Brooklyn, New York
July 17, 2020

/s/ENV
_____
ERIC N. VITALIANO
United States District Judge